# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

LAVEAL MCGHEE                                                                   PLAINTIFF

v.                                                                       No. 4:12CV104-M-V

DR. SANTOS/DR. JOHN DOE                                                       DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Laveal McGhee, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. McGhee alleges that he became ill and faint and did not receive proper medical treatment for his condition. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On March 23, 2012, Laveal McGhee awoke with a pounding headache, severe sweats, nausea, and dizziness. He passed out twice on the way to the bathroom. Other inmates carried him back to his bunk under his fan and tried to get the attention of the tower guards. He was transferred to the Mississippi State Penitentiary hospital in Unit 42, where he was placed in the emergency ward and examined. He remained there shackled to the for over an hour. He called a guard over and told her that he still had a severe headache and need to see the doctor. Dr. Santos arrived, examined him, prescribed medication for headache and dizziness, and sent him back to his cell. McGhee still does not know what is wrong with him. He suffers from migraines and blurred vision most days, and he is concerned that his problem has not been correctly diagnosed.

### Denial of Medical Treatment

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Laveal McGhee became sick, requested medical treatment, and received treatment within a few hours. He simply disagrees with that treatment, and, as discussed above, such disagreement does not rise to the level of a claim under 42 U.S.C. § 1983. As such, this case will

be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 12th day of February, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**